**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CORNELIUS DAVIS and JANE DOE | |
| PLAINTIFF, | |
| vs. | |
| OFFICER LISA MELENDEZ, OFFICER JURDON ZUNIGA, OFFICER CHRISTOPHER LANE, OFFICER VANESSA RIVERA, OFFICER JOSE CARRERA, OFFICER CAROLINA OROZCO, OFFICER JAVIER ESCANIO, OFFICER MOISES BERMUDEZ and UNKNOWN OFFICERS. | |
| DEFENDANTS. | |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, CORNELIUS DAVIS, by and through his attorney, Blake Horwitz, Esq. from The Blake Horwitz Law Firm, LTD., and pursuant to this Complaint at Law, states the following against OFFICER LISA MELENDEZ, OFFICER JURDON ZUNIGA, OFFICER CHRISTOPHER LANE, OFFICER VANESSA RIVERA, OFFICER JOSE CARRERA, OFFICER CAROLINA OROZCO, OFFICER JAVIER ESCANIO, OFFICER MOISES BERMUDEZ and UNKNOWN OFFICERS, states the following.

## JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code 28 U.S.C. §1331 and §1343(a); the Constitution of the  United States; and this Court's supplementary jurisdiction powers.

## **PARTIES**

2.      CORNELIUS DAVIS is a resident of the State of Illinois and of the United States and a Chicago Police officer.

3.      JURDAN ZUNIGA is a resident of the State of Illinois and of the United States and a Chicago Police officer

4.      CHRISTOPHER LANE is a resident of the State of Illinois and of the United States and a Chicago Police officer.

5.      VANESSA RIVERA is a resident of the State of Illinois and of the United States and a Chicago Police officer.

6.      JOSE CARRERA is a resident of the State of Illinois and of the United States and a Chicago Police officer

7.      CAROLINA OROZCO is a resident of the State of Illinois and of the United States and a Chicago Police officer.

8.      OFFICER LISA MELENDEZ is a resident of the State of Illinois and of the United States and a Chicago Police officer.

9.      OFFICER JAVIER ESCANIO is a resident of the State of Illinois and of the United States and a Chicago Police officer.

10.      OFFICER MOISES BERMUDEZ is a resident of the State of Illinois and of the United States and a Chicago Police officer.

11.      The UNKNOWN OFFICERS are residents of the State of Illinois and of the United States and Chicago Police officers.

12.      JANE DOE is a resident of the State of Illinois and of the United States.

### FACTS

13.      On November 8, 2016, LISA MELENDEZ was performing her duties as a Chicago Police Officer.

14.      On said date, she struck PLAINTIFF CORNELIUS DAVIS.

15.      When she struck PLAINTIFF DAVIS, she was on duty as a Chicago Police Officer.

16.      When she struck PLAINTIFF DAVIS, she was acting under color of law.

17.      OFFICER MELENDEZ was not aware of any legal reason for striking CORNELIUS DAVIS at the time she struck PLAINTIFF DAVIS.

18.      OFFICER MELENDEZ knew that she did not have probable cause to strike PLAINTIFF DAVIS (when she struck him).

19.      OFFICER MELENDEZ battered PLAINTIFF DAVIS.

20.      PLAINTIFF DAVIS did not physically threaten OFFICER MELENDEZ before striking PLAINTIFF DAVIS.

21.      PLAINTIFF DAVIS did not physically assault OFFICER MELENDEZ before MELENDEZ struck DAVIS.

22.      The striking of the person of PLANITIFF DAVIS on November 8, 2016 by LISA MELENDEZ amounted to an unreasonable use of force.

23.      OFFICER MELENDEZ knew or believed, prior to striking PLAINTIFF DAVIS that he was an easy target and/or an officer that did not have the backing of his fellow officers.

24.      This was because, prior to the battery, PLAINTIFF DAVIS had reported that his fellow officers had committed an act of misconduct.

3

25.     PLAINTIFF DAVIS made this report in early 2015.

26.     PLAINTIFF DAVIS reported that his fellow officers circulated a photograph, purporting to be DAVIS' wife, of a nude transgender individual with breasts and penis exposed.

27.     The photograph was horrific, demeaning and profoundly disrespectful to PLAINTIFF DAVIS and DAVIS' wife.

28.     Upon information and belief, the photograph was circulated to many Chicago Police Department Officers, namely JURDAN ZUNIGA, CHRISTOPHER LANE, JOSE CARRERA OFFICER OROZCO OFFICERS LISA MELENDEZ, JURDON ZUNIGA, VANESSA RIVERA, JAVIER ESCANIO, MOISES BERMUDEZ and UNKNOWN OFFICERS.

29.     The photograph was created by, upon information and belief and in conjunction with JURDAN ZUNIGA, CHRISTOPHER LANE, JOSE CARRERA OFFICER OROZCO OFFICERS LISA MELENDEZ, JURDON ZUNIGA, VANESSA RIVERA, JAVIER ESCANIO, MOISES BERMUDEZ and UNKNOWN OFFICERS.

30.     The circulation of the photograph and the creation of the photograph violated general orders of the Chicago Police Department.

31.     PLAINTIFF DAVIS reported this misconduct to internal affairs of the City of Chicago.

32.     After reporting the misconduct to internal affairs, PLAINTIFF DAVIS was treated differently by his fellow officers and otherwise known as a "snitch".

33.     DEFENDANT MELENDEZ became aware that PLAINTIFF DAVIS reported the misconduct to internal affairs and advised PLAINTIFF DAVIS, when working with him, in 2015 duty, that she wanted to know what kind of an officer he was as he snitched on fellow officers.  She, along with other officers, treated PLAINTIFF DAVIS with disrespect as a result of PLAINTIF DAVIS having submitted the name(s) of fellow officers to the Chicago Police Department Internal

Affairs.

34.     Notwithstanding the obvious violations committed by the officers who disseminated the photograph, no punishment has been exacted onto these officers who committed this misconduct.  This is another reason why DEFENDANT MELENDEZ believed that she could get away with striking a fellow officer.

35.     Also, due to the diminished reputation that PLAINTIFF DAVIS experienced with fellow police officers in the department and the unwillingness for fellow officers to assist and support PLAINTIFF DAVIS in his official work as a Chicago Police Officer, DEFENDANT MELENDEZ knew and/or believed that she could strike PLAINTIFF DAVIS and get away with it, as her fellow officers and/or supervisory officers would not discipline DEFENDANT MELENDEZ for the obvious act of misconduct.

36.     Today, notwithstanding the obvious criminal conduct of DEFENDANT MELENDEZ, she is still working, on duty, for the City of Chicago police department. The aforementioned actions of DEFENDANT MELENDEZ were the direct and proximate cause of the constitutional violations set forth above, and that caused PLAINTIFF to suffer damages.

**COUNT I**
**§1983 Excessive Force**
**(DAVIS V. DEFENDANT MELENDEZ)**

37.     PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1-36.

38.     DEFENDANT MELENDEZ' actions amounted to an unreasonable use of force unto PLAINTIFF and violated the Fourth Amendment to the United States Constitution.The aforementioned actions of DEFENDANT MELENDEZ were the direct and proximate cause of the constitutional violations set forth above, and that caused PLAINTIFF to suffer damages.

PLAINTIFF incorporates herein by reference the allegations set forth in paragraphs 1-

WHEREFORE, PLAINTIFF DAVIS demands judgment, attorney fees, compensatory damages and punitive damages against OFFICER MELENDEZ and for such other additional relief as this Court deems equitable and just.

**Count II**
**Intentional Infliction of Emotional Distress**
**(DAVIS V. OFFICERS LISA MELENDEZ, JURDON ZUNIGA, CHRISTOPHER LANE, VANESSA RIVERA, JOSE CARRERA, CAROLINA OROZCO, JAVIER ESCANIO, MOISES BERMUDEZ and UNKNOWN OFFICERS)**

39.     PLAINTIFF DAVIS incorporates herein by reference the allegations set forth in paragraphs 1-36.

40.     This Count is against OFFICERS LISA MELENDEZ, JURDON ZUNIGA, CHRISTOPHER LANE, VANESSA RIVERA, JOSE CARRERA, CAROLINA OROZCO, JAVIER ESCANIO, MOISES BERMUDEZ and UNKNOWN OFFICERS (hereinafter referred to as DEFENDANT OFFICERS for Count II and III).

41.     The dissemination of the photograph referred to as PLAINTIFF DAVIS' wife, by the DEFENDANT OFFICERS was intentional.

42.     The dissemination of the photograph referred to as PLAINTIFF DAVIS' wife, by the DEFENDANT OFFICERS was designed to cause damage to PLAINTIFF DAVIS.

43.     The dissemination of the photograph referred to as PLAINTIFF DAVIS' wife, by each DEFENDANT OFFICERS was designed to inflict emotional injury to PLAINTIFF DAVIS, the type of injury that no reasonable person should be expected to endure.

44.     PLAINTIFF DAVIS has suffered profoundly as a result of and proximately caused by the dissemination of the photograph.

45.     The conduct of the DEFENDANT OFFICERS, when disseminating the photograph,

was not undertaken under color of law.

46.     PLAINTIFF DAVIS learned that the photograph was disseminated on December 22, 2014.

47.     The photograph that was disseminated was not of PLAINTIFF DAVIS' wife but was otherwise referred to as such.  The representation that the photographs was of PLAINTIFF DAVIS' wife was false.

48.     PLAINTIFF DAVIS prays for a judgment against the DEFENDANT OFFICERS, in their individual capacity but not under color of law for the acts of malfeseance as set forth in this Count.

WHEREFORE, the PLAINTIFF demands judgment against these DEFENDANT OFFICERS, and punitive damages and for such other additional relief as this Court deems equitable and just.

**Count III**
**Intentional Infliction of Emotional Distress**
**JANE DOE V. OFFICERS LISA MELENDEZ, JURDON ZUNIGA, CHRISTOPHER LANE, VANESSA RIVERA, JOSE CARRERA, CAROLINA OROZCO, JAVIER ESCANIO, MOISES BERMUDEZ and UNKNOWN OFFICERS**

49.     PLAINTIFF DAVIS incorporates herein by reference the allegations set forth in paragraphs 1-36.

50.     OFFICERS LISA MELENDEZ,  JURDON ZUNIGA, CHRISTOPHER LANE, VANESSA RIVERA, JOSE CARRERA, CAROLINA OROZCO, JAVIER ESCANIO, MOISES BERMUDEZ and UNKNOWN OFFICERS

51.     JANE DOE incorporates herein by reference the allegations set forth in paragraphs 1-36.

52.     This Count is against the DEFENDANT OFFICERS and on behalf of JANE DOE.

53.     The dissemination of the photograph referred to as PLAINTIFF DAVIS' wife (JANE

DOE), by the DEFENDANT OFFICERS was intentional.

54.     The dissemination of the photograph referred to as PLAINTIFF DAVIS' wife (JANE DOE), by the DEFENDANT OFFICERS was designed to cause damage to JANE DOE.

55.     The dissemination of the photograph referred to as PLAINTIFF DAVIS' wife, by each DEFENDANT OFFICERS was designed to inflict emotional injury to JANE DOE, the type of injury that no reasonable person should be expected to endure.

56.     JANE DOE has suffered profoundly as a result of and proximately caused by the dissemination of the photograph.

57.     The conduct of the DEFENDANT OFFICERS, when disseminating the photograph, was not undertaken under color of law.

58.     The photograph that was disseminated was not of JANE DOE but was otherwise referred to as such.  The representation that the photographs was of PLAINTIFF DAVIS' wife was false.

59.     JANE DOE prays for a judgment against the DEFENDANT OFFICERS, in their individual capacity but not under color of law for the acts of malfeseance as set forth in this Count.

WHEREFORE, the PLAINTIFF demands judgment against these DEFENDANT OFFICERS, and punitive damages and for such other additional relief as this Court deems equitable and just

## JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully submitted,
*s/ Blake Horwitz*
Attorney for the Plaintiff

The Blake Horwitz Law Firm, LTD.
111 W. Washington St., Ste. 1611
Chicago, IL 60202
Phone (312) 676-2100
Fax (312) 372-7076